UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LAFLEUR,

   Petitioner,

            CASE NO. 05-CV-71793-DT
 v.          JUDGE ROBERT H. CLELAND
            MAGISTRATE JUDGE PAUL KOMIVES

JEFF WHITE[1],

   Respondent.

_____/

**REPORT AND RECOMMENDATION**

I. <u>RECOMMENDATION</u>: The Court should conclude that petitioner's application for the writ

of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d).

Accordingly, the Court should grant respondent's motion for summary judgment and dismissal of

petition for writ of habeas corpus.

II. <u>REPORT</u>:

A. *Procedural Background*

On January 2, 1997, Petitioner was convicted at a bench trial in Wayne Circuit Court of one

count of criminal sexual conduct in the first degree, Mich. Comp. Laws § 750.520b(1)(a), and one

count of criminal sexual conduct in the second degree, Mich. Comp. Laws § 750.520c(1)(a).   On

February 12, 1997, the trial court sentenced petitioner to concurrent prison terms of 8 to 20 years

and 5 to 15 years.

---

[1]  By order entered this day, Jeff White  has been substituted for  Blaine C. Lafler as the
proper Respondent.

Petitioner appealed as of right and the Michigan Court of Appeals affirmed his convictions. *People v. LaFleur*, No. 203335, 1999 WL 33452698 (Mich. Ct. App. March 26, 1999). On November 29, 1999, the Michigan Supreme Court denied petitioner's *pro per* application for leave to appeal. *People v. LaFleur*, 461 Mich. 920, 604 N.W.2d 681 (1999).

Petitioner then filed a motion for relief from judgement through counsel. There is a dispute as to the date on which it was filed. Petitioner states that it was filed on April 10, 2001 and this is the date indicated in the circuit court docket entries. Respondent argues that the motion was in fact filed on February 12, 2001, and attaches the praecipe for the motion. The praecipe is dated February 13, 2001, and asks that the motion be placed on the judge's docket for April 6, 2001. On the proof of service portion of the same form the defense attorney stated that he served the motion and praecipe on the prosecutor on February 12, 2001. The motion itself is stamped by the prosecutor's office as received on February 13, 2001. For the reasons discussed below, it is not necessary to resolve which date is correct.

The trial court denied the motion for relief from judgment on October 29, 2002. The Michigan Court of Appeals denied leave to appeal that decision. *People v. LaFleur*, No. 251733 (Mich. Ct. App. March 11, 2004). The Michigan Supreme Court denied petitioner's *pro per* application for leave to appeal on October 25, 2004. *People v. LaFleur*, 471 Mich. 897, 688 N.W.2d 85 (2004).

On May 6, 2005, petitioner filed this petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 10, 2005, respondent filed a motion for summary judgment and dismissal of petition for writ of habeas corpus, arguing that the petition is barred by the one-year limitations period governing habeas applications. Petitioner filed a response to the motion on June

30, 2006. He does not contest that his petition was not timely filed but argues that he is entitled to equitable tolling of the statute of limitations. For the reasons that follow, the Court should grant respondent's motion for summary judgment and should dismiss the petition.

B.    *Timeliness of Petitioner's Habeas Application*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute further provides that

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Petitioner has not alleged that there was an impediment to filing his habeas petition and he is not relying on a newly recognized constitutional right or newly discovered evidence. Therefore the statute of limitations began to run when his conviction became final. A conviction becomes final under § 2244(d)(1)(A) when "the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired." *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir.2000) (citing *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir.2000)).    Under Supreme Court

3

Rule 13, the time for timely filing a petition for a writ of certiorari is within 90 days after the entry of judgment. The tolling provision of paragraph (d)(2) stops the limitations period from running while a petitioner seeks collateral or post-conviction review in the state court; it does not however reset the limitations clock. *See McMurray v. Scutt*, 136 Fed. Appx. 815, 817 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case. *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003).

Adding ninety days to the date leave was denied on direct appeal (November 29, 1999), petitioner's conviction was final on February 27, 2000. If petitioner filed his motion for relief from judgment on April 10, 2001, as he asserts, the statute of limitations period for filing a habeas petition had already expired. Assuming that petitioner filed his motion for relief from judgment on February 12, 2001, the date respondent argues is correct and the option most favorable to petitioner, 350 days of the one year limitations period had already elapsed. The clock would have began to run again ninety days after the date the Supreme Court denied leave to appeal the denial of the motion (October 25, 2004), on January 23, 2005. Although petitioner only had 15 days remaining to timely file, he did not file the petition for writ of habeas corpus until May 6, 2005, approximately three months beyond the deadline. Under either scenario, the petition is thus untimely.

C.    *Equitable Tolling*

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable

tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.2004); *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir.2001), cert. denied, 534 U.S. 1057 (2001).  However, "equitable tolling relief should only be granted sparingly."  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.2002); *Dunlap*, 250 F.3d at 1008.

Petitioner argues that he is entitled to equitable tolling on two grounds: 1) he is actually innocent, and 2) he was diligent in protecting his rights.

1.      *Actual Innocence*

In *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir.2005), the Sixth Circuit held that "equitable tolling of the statute of limitations based on a credible showing of actual innocence is appropriate." Relying on *Schlup v. Delo*, 513 U.S. 298(1995), the court held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter,* 395 F.3d at 602.  To establish actual innocence, a habeas petitioner must support his allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.  *See also, House v. Bell*, 126 S.Ct. 2064 (2006).    "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence."  *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citations omitted).  The  actual-innocence standard is "by no means equivalent" to the standard of *Jackson v. Virginia*, 443 U.S. 307 (1979), which governs claims of insufficient evidence. *Schlup*, 513 U.S. at 330.

Petitioner has presented no new evidence of innocence.  Petitioner argues actual innocence based on the existing record, challenging the sufficiency of evidence, the credibility and competency of the complainant, and the effectiveness of his trial counsel.  This is not sufficient to sustain his burden. *See e.g.,  Stoker v. Watson*, 2006 WL 1549943, *1 (6th Cir. June 7, 2006) (unpublished) (even if newly discovered, evidence challenging the credibility of the witnesses who testified at trial falls short of demonstrating actual innocence); *Redmond v. Jackson*, 295 F.Supp.2d 767, 773 (E.D.Mich.2003) (claims of insufficiency of the evidence cannot be considered in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period); *Whitt v. Howes,* 2006 WL 1455560*2 (E.D.Mich. May 23, 2006) (same).

    2.    *Diligence*

Although petitioner failed to sustain his burden under *Souter*, he may nonetheless be entitled to equitable tolling if he can establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In *Dunlap v. United States*, 250 F.3d at 1008-10, the Sixth Circuit identified five factors to be considered in determining whether equitable tolling should apply: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.  "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir.2002) (citing *Cook,* 295 F.3d at 521).

Petitioner alleges that he was "diligent in protecting his rights, as neither he nor his family could obtain counsel until March 23, 2005." Petitioner's Response to Respondent's Motion for Summary Judgment, pp. 4, 9.  He  has not alleged that he lacked notice or constructive knowledge of the filing requirement.

The fact that petitioner was without counsel until after expiration of the statutory period does not establish that he was diligent nor that some extraordinary impediment prevented timely filing. It has been repeatedly held that a petitioner's *pro se* status and lack of knowledge of the law do not provide any bases for equitable tolling of the limitations period.  *See e.g., Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.).  It should also be noted that petitioner timely filed several *pro se* pleadings in the state courts.  While respondent claims no prejudice, absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling; prejudice "may only be considered if other factors of the test are met." *Dunlap* at 1009.  Petitioner has not met his burden of demonstrating entitlement to equitable tolling of the statute of limitations.

D.      *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions.  Accordingly, the Court should grant respondent's motion to dismiss the petition.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

7

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: July 28, 2006

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 28, 2006.

s/Eddrey Butts
Case Manager

8